**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CIVIL ACTION NO. _____

**ERIC DUNN SUNDBERG, and HUNTER'S PRECISION
CONSTRUCTION & ROOFING, INC. dba PRECISION
CONSTRUCTION & ROOFING**
    *Plaintiffs,*

v.

**FARMERS INSURANCE EXCHANGE,**
    *Defendant.*

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**

COME NOW Plaintiffs, Eric Dunn Sundberg and Hunter's Precision Construction & Roofing, Inc. dba Precision Construction & Roofing (collectively referred to as "Plaintiffs"), by and through their attorney, Green Klein & Wood, and submit their Plaintiffs' Original Complaint and Jury Demand against Defendant, Farmers Insurance Exchange, and in support of this Complaint, states as follows:

**I.
PARTIES**

1. Plaintiff, Eric Dunn Sundberg (hereafter "Sundberg"), is an individual residing in Denver, Denver County, Colorado.

2. Plaintiff, Hunter's Precision Construction & Roofing, Inc. dba Precision Construction & Roofing (hereafter "Precision") is a corporation domiciled in Texas and is licensed and authorized to conduct business within the State of Colorado.

3. Farmers Insurance Exchange (hereafter "Farmers") is a corporation domiciled in California, and licensed and authorized to conduct the business of insurance within the State of Colorado. Farmers may be served with process by serving its registered agent: The Division of Insurance, Colorado Department of Regulatory Agencies, 1560 Broadway, Suite 850, Denver, CO 80202.

## II.
## VENUE AND JURISDICTION

4. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Defendant Farmers is a corporation incorporated in California and does not have its principal place of business in Colorado. Plaintiff Sundberg is an individual and citizen of Denver County, Colorado, and Plaintiff Precision is a corporation incorporated in Texas and does not have its principal place of business in Colorado.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of property that is the subject of this action is situated, and a substantial part of the events or omissions giving rise to the claim occurred, in this District, the District of Colorado. Plaintiff Sundberg was a resident of Denver County, Colorado at all times relevant to this case; a substantial part of the activities alleged herein occurred in Denver County, Colorado, and the Property that is the subject of the lawsuit is located in Denver County, Colorado.

## III.
## FACTUAL ALLEGATIONS

6. This is an insurance case arising from Farmers' refusing to provide full benefits to Plaintiffs based on Farmers' wrongful investigation, and Farmers' subsequent misconduct throughout the appraisal process. Plaintiffs' claims are brought under Colorado law.

7. At all relevant times hereto, Plaintiff Sundberg, was and is the owner of the subject property, located at 5401 E. Severn Pl., Denver, Colorado 80220-5227 (the "Property").

8. Plaintiffs bring this action seeking economic and non-economic damages related to Farmers' breach of contract, bad faith breach of insurance contract, and statutory claims pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, arising from Farmers' failure to properly investigate Plaintiffs' claim, Farmers' unreasonable delay and failure to pay in full covered benefits due and owing to Plaintiffs under its insurance policy, Farmers' failure to select a competent and disinterested appraiser, and Farmers' improper conduct throughout the appraisal process.

9. Plaintiff Sundberg sought and obtained an Insurance Policy, Policy Number 0939096575 (the "Policy") for Sundberg's property located at 5401 E. Severn Pl., Denver, Colorado 80220-5227. The Policy period was from November 25, 2016 to December 4, 2017. Plaintiff Sundberg invested in this insurance product and service from Farmers for coverage intended to protect the Property from certain property and casualty perils.

10. Plaintiff Sundberg purchased coverage benefits from Farmers by making premium payments.

11. In exchange for the premiums paid by Plaintiff Sundberg, Farmers promised to perform according to the terms and provisions of the Policy.

12. Under the Policy, Farmers agreed to pay for direct physical loss or damage to the Property caused by risks of direct physical loss or damage unless otherwise limited or excluded and to pay all amounts owed for such losses.

13. On or about May 8, 2017, during the Policy period, a wind and/or hailstorm occurred at Plaintiff Sundberg's Property resulting in significant damage to the Property.

14. The damage to the Property from the storms constituted covered losses under the Policy.

15. In accordance with the Policy, Plaintiff Sundberg properly reported the covered losses and damage to Farmers and made a claim for the loss and damage to the Property. Claim number 3012520566-1-1 was assigned to Plaintiff Sundberg's claim (the "Claim").

16. After opening the claim with Farmers, Farmers was provided with proof that Plaintiff Sundberg's claims significantly exceeded the amount Farmers offered to settle the claim. Despite receiving information establishing that Farmers unreasonably denied Plaintiff Sundberg's claim, Defendant Farmers refused to tender the fair and reasonable value of Plaintiff Sundberg's claim under the Policy.

17. Farmers' adjuster refused to consider the evidence presented by Plaintiff Sundberg and unreasonably and in bad faith failed to further investigate the damages to determine if its conclusion was correct about the extent and cause of damages.

18. Rather than properly investigate, adjust, and pay for the damages to Plaintiff Sundberg's Property pursuant to the terms of the Policy, Farmers unreasonably delayed and denied payment of covered policy benefits.

19. Plaintiff Sundberg properly assigned his rights, benefits, and proceeds under the Policy to Plaintiff Precision on or about March 1, 2019.

20. Thereafter, Plaintiffs invoked appraisal and sent a demand for appraisal to Farmers on approximately June 29, 2019.

21. After Farmers confirmed appraisal, Farmers failed to select a competent and impartial appraiser for Plaintiffs' Claim. Further, Farmers was aware their appraiser was engaging in misconduct in the appraisal process and further facilitated such misconduct.

22. Farmers also engaged in improper delay tactics during the appraisal process, such as ignoring Plaintiffs' appraiser's demand for information and documents. Farmers also made misrepresentations to Plaintiffs during the appraisal process.

23. After disagreements during appraisal, an umpire was selected. The umpire selected was incompetent, partial, and ill-equipped to handle Plaintiffs' appraisal.

24. Farmers and its appraiser continued to engage in wrongful misconduct during this stage of appraisal as well. Farmers' conduct was a violation of the Policy and Colorado law, including violations under C.R.S. §§ 10-3-1115 and 10-3-1116.

25. The appraisal award that was ultimately signed on or about December 29, 2019 was fraudulently altered by Farmers and its appraiser without Plaintiffs' knowledge or approval.

26. Plaintiffs have and continue to suffer damages, including, but not limited to unpaid covered policy benefits unreasonably delayed and denied by Farmers.

27. Farmers' initial refusal to properly adjust the losses, and later egregious misconduct throughout the entire appraisal process, compelled Plaintiffs to become engaged in litigation to enforce the provisions of the Policy.

28. Farmers did not attempt to in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim, even after liability became reasonably clear.

29. To date, Farmers has not paid Plaintiffs' claim in full.

30. Farmers failed to properly investigate and adjust Plaintiffs' loss.

31. Farmers failed to appoint a competent and disinterested appraiser.

32. Farmers engaged in intentional misconduct in the appraisal process designed to delay and cause harm to Plaintiffs. Farmers' breach of contract and unreasonable delay and denial of the Claim, as a result of its misconduct, forced Plaintiffs to incur time and costs in pursuing their rights under the Policy through the appraisal process. Plaintiffs have, and will, incur additional costs in pursuing their rights in this litigation as a result of Farmers' misconduct.

33. Farmers' conduct described above was willful and wanton and done heedlessly and recklessly without regard to the consequences of Plaintiffs.

34. Farmers knew or should have known that its actions as described above were unreasonable. Farmers acted unreasonable and with knowledge of or reckless disregard to its unreasonableness, and caused damages which result from its bad faith.

## IV.
## FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

35. Plaintiffs incorporate by reference all allegations contained in the paragraphs above as if fully set forth herein.

36. As set forth above, Plaintiff Sundberg and Farmers entered into a valid, binding and enforceable contract for insurance which covered the losses alleged herein, of which Plaintiff Precision has rights to pursue claims under.

37. Farmers' underpayment and denial of benefits constituted a wrongful failure to pay Plaintiffs, for the covered loss under the Policy and constituted a breach of the insurance contract.

38. Plaintiffs fully complied with all the provisions of the contract, including without limitation paying premiums in a timely fashion and complying with all provisions governing claims and loss.

39. Farmers' underpayment and denial of Plaintiffs claim constitutes a breach of the insurance contract and is a breach of Farmers' reasonable expectations concerning the coverage it would receive under the Policy.

40. Farmers' refusal to properly adjust the loss constitutes a breach of the insurance contract and is a breach of Plaintiffs' reasonable expectations concerning the coverage it would receive under the Policy.

41. Farmers' failure to conduct a reasonable investigation constitutes a breach of the insurance contract.

42. Farmers' failure to pay covered policy benefits constitutes a breach of the insurance contract.

43. Farmers' failure to select a competent and disinterested appraiser is a breach of the insurance contract.

44. Farmers' intentional acts and misconduct in the appraisal process is a breach of the insurance contract.

45. By failing to honor the promises made to Plaintiffs in the insurance policy, Farmers has breached its contract with Plaintiffs.

46. Farmers' breach of the insurance contract was and is the direct cause of damage to Plaintiffs, including, without limitation: (1) loss of Policy benefits owed to indemnify Plaintiffs for the entire loss; (2) costs to repair, restore, and/or replace the significant damage to Plaintiff Sundberg's Property, and future costs to remediate such damage; (3) incidental and consequential damages, within the contemplation of the parties in the event of breach; and/or (4) other expenses incurred as a result of Farmers' breach of its contractual obligations, including costs and fees.

47. As a result of Farmers' breach of contract and refusal to honor the terms of the Policy, Plaintiffs have suffered and continue to suffer damages. Therefore, Plaintiffs are entitled to judgment in its favor and against Farmers, on its First Claim for Relief for compensatory damages for its losses, including prejudgment interest, costs, and reasonable attorneys' fees in accordance with the applicable law.

**V.**
**SECOND CLAIM FOR RELIEF**
**(Unreasonable Delay and Denial of Payment of Covered Benefits)**
**C.R.S. §§ 10-3-1115 and -1116**

48. Plaintiffs incorporate by reference all allegations contained in the paragraphs above as if fully set forth herein.

49. Plaintiffs incurred a covered loss under the Policy and subsequently submitted a claim for that loss to Farmers.

50. The damages sustained to Plaintiff Sundberg's Property is covered by the Policy and Plaintiff Sundberg, as well as Plaintiff Precision as assignee of the claim, are owed covered benefits under the Policy.

51. Under C.R.S. § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

52. Farmers delayed and denied payment of covered benefits without a reasonable basis for its action.

53. In breach of its duty to Plaintiffs, Farmers, without a reasonable basis, delayed and denied benefits owed to Plaintiffs by engaging in the following conduct: (1) refusing to timely and fully pay its insured for the full cost of covered damage to the insured premises; (2) mispresenting pertinent facts and policy provisions related to coverage at issued by adopting inconsistent and baseless coverage positions; (3) failing to conduct a fair, timely, and thorough investigation of Plaintiffs' claim; (4) conducting a biased and outcome-oriented investigation through the use of third parties; (5) delegating its duty to adjust the loss to an unqualified and/or biased third party; (6) denying coverage based on incorrect facts and unsubstantiated speculation; (7) refusing to reconsider its coverage position, even when facts that undermined the basis of its denial became evident; (8) paying less than the full amount owed in the claim thereby forcing the insured to institute litigation, and incur the fees and costs associated therewith, simply to recover what was properly owed; (9) selecting an incompetent and partial appraiser; (10) engaging in intentional misconduct throughout the appraisal process; (11) engaging in improper delay tactics throughout the appraisal process; (12) facilitating the misconduct of its appraiser; and (13) engaging in the fraudulent signing and altercation of the appraisal award.

54. As a direct and proximate result of Farmers' actions, Plaintiffs have: (1) not received all Policy benefits owed to indemnify them for the entire loss; (2) incurred and will incur

in the future costs to repair, restore and/or defend the significant property damage; (3) suffered and will continue to suffer incidental and consequential damages, within the contemplation of the parties in the event of breach; and (4) suffered and will continue to suffer other expenses incurred as a result of Farmers' unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, including the fees and costs necessary incurred for litigation. Farmers' misconduct throughout the handling the Claim resulted in Plaintiffs' having to incur substantial time and costs in engaging in the appraisal process in the appraisal process, and further, the time and costs spent incurred by Plaintiffs' in this litigation.

55.     C.R.S. §10-3-1116 authorizes a first-party claimant, such as Plaintiff Sundberg, and an entity on behalf of an insured, like Plaintiff Precision, who has been assigned rights and proceeds under the Policy, whose claim for payment of benefits has been unreasonable delayed or denied to bring an action in district court to recover reasonable attorney fees, court costs and two times the covered benefit.

56.     Farmers has unreasonably denied or delayed payment to Plaintiffs in violation of C.R.S. §10-3-1115.

57.     Therefore, Plaintiffs are entitled to judgment in their favor and against Farmers on its Second Claim for Relief as authorized by applicable and entitled to two times the covered benefits, attorneys' fees, and costs pursuant to C.R.S. §10-3-1116, together with pre-judgment interest.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays as follow:

1.      On Plaintiffs' First Claim for Relief, for judgment in its favor and against Defendant, Farmers, for all unpaid covered benefits due under the Policy;

2.      On Plaintiffs' Second Claim for Relief, for judgment in its favor and against Defendant, Farmers, for two times the amount of all covered benefits owed under the Policy.

3.      Costs, expert witness fees, and attorneys' fees incurred in prosecuting Plaintiffs' claims against Farmers.

4.      Other damages resulting from Farmers' bad faith including out-of-pocket expenses, costs of ongoing and exacerbated damages resulting from Farmers' bad faith refusal to pay the full loss and damages to Plaintiff Sundberg's property, both real and personal;

5.      Pre- and post-judgment interest;

6.      Staying the instant case until such time as the appraisal process is completed; and

7.      For such other and further relief as this Court may deem just, equitable, and proper.

**Dated this 15th day of May 2020.**

**A JURY IS DEMANDED AS TO ALL ISSUES HEREIN**

Respectfully submitted,

By:     */s/ Robert D. Green*
        Robert D. Green, #46875

        **GREEN KLEIN & WOOD**
        440 Louisiana Street, Ste. 1900
        Houston, Texas 77002
        (713) 654-9222
        (713) 654-2155 (Fax)
        green@greentriallaw.com
        *Lead Counsel for Plaintiffs*